The hearing before the Deputy Commissioner was an expedited hearing on plaintiff's motion to enforce compliance with the statutory requirements that defendant-employer (1) pay temporary partial disability compensation benefits to plaintiff after his return to work at diminished wages from 9 August 1995 through 20 December 1995 and, (2) thereafter, reinstate plaintiff's temporary total disability compensation benefits until such time as some other determination might be made by the Industrial Commission. This proceeding was extended to matters both beyond the pending motion and beyond the Deputy's "closing" of the record on 13 May 1996 for purposes of that hearing.
Following the hearing before the Deputy Commissioner 19 February 1996 and prior to her issuing an Opinion and Award, the Deputy issued an Order dated 29 March 1996 in which she found that defendant-employer failed to file a Form 28T as required by (I.C.) Rule 404A and failed to pay temporary partial disability compensation pursuant to N.C. Gen. Stat. § 97-30. She also found that although plaintiff had filed a properly completed Form 28U on 9 January 1996, the defendant failed to reinstate temporary total disability compensation upon receipt of that form. Accordingly, she ordered the defendant to pay plaintiff within ten days of her order (1) temporary total disability compensation from the date of receipt of Form 28U through 31 January 1996, the date Dr. Dilworth released the plaintiff to light duty work, and (2) all temporary partial disability compensation which accrued during plaintiff's return to work at diminished wages from July (sic) to December 1995 (9 August 1995 through 21 December 1995). Thereafter, the Deputy entered an Opinion and Award 25 June 1996 which made no mention of her earlier Order, but rather made an Award to plaintiff for permanent partial disability as of 14 August 1995.
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding good grounds to reconsider the evidence and to receive further evidence, the Full Commission MODIFIES the Findings of Fact and Conclusions of Law of the Deputy Commissioner, and REOPENS the record for receipt of additional evidence for the purposes set forth herein.
* * * * * * * * * * *
DEFENDANTS' MOTION
Defendants' motion to reopen the record for the taking of additional evidence is meritorious and is herewith GRANTED for the limited purposes set forth in the Order below.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as a matter of law the following, which were entered into by the parties at the hearing; in Industrial Commission Form 21, "Agreement for Compensation for Disability," approved on 9 March 1994; and in a Pre-Trial Agreement, as
STIPULATIONS
1. At all times relevant to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-1 et seq.
2. The employer-employee relationship existed between the plaintiff and the defendant employer on 10 December 1992.
3. The defendant employer is self-insured.
4. The plaintiff suffered a compensable injury to his low back at the L5-S1 vertebrae on 10 December 1992.
5. The plaintiff's average weekly wage at that time was $674.10.
6. The plaintiff continued to work from 10 December 1992, the date of the accident, through 12 September 1993. He had back surgery related to his compensable injury at L5-Sl on 31 January 1994 and again on 21 July 1994. The plaintiff remained out of work from 12 September 1993 until 30 January 1995 and received temporary total disability compensation during that period.
7. The plaintiff returned to work part-time with the defendant employer on 30 January 1995 and worked through 16 April 1995. He received temporary partial disability compensation during that period.
8. The plaintiff was out of work with the defendant employer from 17 April 1995 through 8 August 1995 and received temporary total disability compensation during that period.
9. The plaintiff returned to work part-time with the defendant employer on 9 August 1995 and continued to work part-time through 20 December 1995. He has not worked with the defendant-employer since that date.
* * * * * * * * * *
Based upon all of the competent evidence presented, the Full Commission makes the following
FINDINGS OF FACT
1. The plaintiff was born 14 September 1948 and was 47 years old at the time of the hearing before the Deputy Commissioner.
2. The plaintiff began working for the defendant employer in 1980 and at the time of the compensable injury on 10 December 1992 the plaintiff was employed by the defendant employer as a material handler whose duties included operating a stand-up fork lift.
3. On 10 December 1992, the plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant employer while attempting to manually push a pallet of batteries down a conveyer.
4. The plaintiff's average weekly wage at that time was $674.10, engendering a disability compensation rate of $449.40 per week which by the terms of N.C. Gen. Stat. § 97-29 is capped at $426.00 per week for 1992.
5. The parties entered into a Form 21 agreement wherein the defendant accepted liability for the 10 December 1992 injury by accident, which agreement was approved by the Industrial Commission on 9 March 1994.
6. The plaintiff received conservative medical treatment and continued to work until 12 September 1993. On 7 December 1993, Dr. John H. Dilworth diagnosed the plaintiff's herniated disk at the L5-Sl vertebrae and performed surgery to remove it on 31 January 1994. Thereafter the plaintiff participated in a work conditioning program prescribed by Dr. Dilworth.
7. On 22 June 1994, after the plaintiff's complaints of an increase in back pain, Dr. Dilworth diagnosed the plaintiff's recurrent herniated disk at the L5-Sl vertebrae. On 21 July 1994, Dr. Dilworth performed surgery to remove the recurrent herniated disk at the L5-Sl. Thereafter, the plaintiff participated in a program of physical therapy.
8. The plaintiff received temporary total disability payments from the defendant employer from 12 September 1993 until he returned to work part-time for the defendant employer on 30 January 1995.
9. The plaintiff worked part-time for the defendant from 30 January 1995 until he went back out of work on 17 April 1995. He received temporary partial disability payments for that period of time.
10. The plaintiff was out of work from 17 April 1995 through 8 August 1995 and received temporary total disability benefits.
11. Dr. Dilworth determined that the plaintiff reached "maximum medical improvement" on 29 June 1995 and released him to permanent light duty with lifting limitations of 35 pounds on an occasional basis, 15 pounds on a frequent basis and 7 pounds on a constant basis. Dr. Dilworth recommended that the plaintiff begin by working two hours per day the first week of work and then attempt four hours for the next two weeks. The plaintiff was to aim for working eight-hour days by the fourth week of his return to work. This plan was contingent upon a review of plaintiff's progress and approval by Dr. Dilworth following two weeks of four-hour work days.
12. The plaintiff was assigned a 25 percent permanent partial disability to his back by Dr. Dilworth on 29 June 1995.
13. The plaintiff attempted to return to part-time, light-duty work for the defendant employer on 9 August 1995, working four hours a day earning $280.00 per week, but was unable to increase his work day to 8 hours per day. The defendant employer reinstated payments for temporary partial disability, but had anticipated that plaintiff would be working eight-hour days by the fourth week of his return to work. When plaintiff did not return to an eight-hour day by the fourth week of his return to work, the defendant unilaterally terminated plaintiff's temporary partial disability payments on 21 August 1995 without Commission approval after requiring the plaintiff to elect between temporary partial disability compensation and permanent partial disability compensation.
14. From 9 August 1995 through 20 December 1995, the defendant provided the plaintiff suitable employment within plaintiff's restrictions at diminished wages. During this period plaintiff initially worked four hours a day operating a sit-down fork lift which required intermittent sitting and standing. That job was approved by Dr. Harold R. Imbus on 14 August 1995 after examining the plaintiff and observing the job at the plant. At some point, after 9 August 1995, the plaintiff was assigned to limited duty work making labels and performing various other clerical duties which could be performed sitting or standing. By December 1995, the plaintiff was assigned the temporary duties of monitoring a conveyer. Although that job required constant standing, the plaintiff was authorized to take 15-minute breaks once an hour at his discretion which the testimony indicated that he did take.
15. On 12 September 1995, the plaintiff saw Dr. Imbus complaining of pain. The plaintiff told Dr. Imbus that he felt that four hours of work was all that he could do and that he was concerned about his ability to look for a job if he were working six hours a day. As a result, Dr. Imbus recommended that the plaintiff "cut back" to four hours a day.
16. On 10 October 1995, the plaintiff again saw Dr. Imbus complaining that he was doing worse. The plaintiff admitted to doing light work and that he was able to sit and stand on the job. However, the plaintiff told Dr. Imbus that he wanted to continue working four hours per day, "no more, no less." Dr. Imbus therefore recommended that the plaintiff continue to work four hours per day. Therefore, the plaintiff only worked four hours a day through 20 December 1995.
17. On 13 December 1995, the plaintiff complained to Dr. Dilworth that he continually stood in one position at work watching a conveyer for the full four hours and that he was not able to walk around, sit or bend while watching the conveyer. The evidence establishes, however, that the plaintiff was authorized to take 15-minute breaks once an hour at his discretion and that he did take these breaks. Nevertheless, the plaintiff is correct as to the job requirements for the time that he is watching the conveyer. As a result, Dr. Dilworth indicated that the plaintiff may have to be deemed incapacitated from that work situation. There is no evidence that plaintiff was removed from this work station by recommendation of Dr. Dilworth.
18. The plaintiff went out of work on 21 December 1995 as a result of Dr. Dilworth's taking plaintiff out of work because of plaintiff's "increased pain level" and because Dr. Dilworth felt that plaintiff had "nerve root compression in the back." Plaintiff has not returned to work for the defendant-employer to date. The defendant-employer did not reinstate payments for temporary total disability.
19. On 4 January 1996, the plaintiff returned to Dr. Dilworth complaining of no improvement and continued pain while standing at work. Dr. Dilworth referred the plaintiff to the Bowman Gray/Baptist Hospital Spine Center for an evaluation and a three week functional restoration program.
20. On 18 January 1996, Dr. Richard T. Gross, a clinical psychologist who is the program director for the Bowman Gray/Baptist Hospital Spine Center, met with the plaintiff for a period of two to two and a half hours for a functional capacity evaluation. Based upon a physical therapy evaluation and his meeting with the plaintiff, Dr. Gross did not accept the plaintiff into the Core Functional Restoration Program recommended by Dr. Dilworth. The plaintiff stated that he saw no need for any type of physical or psychological rehabilitation effort, but that he believes that without rehabilitation he could do some work. The plaintiff expressed an interest in possibly working part-time in a convenience store at a level which would not exceed his limitations set by the Social Security Administration.
21. On 31 January 1996, Dr. Dilworth issued permanent restrictions limiting the plaintiff to light work, with no lifting over 20 pounds, no repetitive lifting, no prolonged sitting or standing and no overhead work.
22. The defendant-employer has no permanent light-duty employment available.
23. The defendant-employer paid all compensation due to the plaintiff through 21 August 1995.
24. The surgeries performed on 31 January 1994 and 21 July 1994 by Dr. John H. Dilworth were reasonably required to lessen plaintiff's disability and provide relief.
25. An Order was issued by the Deputy Commissioner dated 29 March 1996 in which she found that defendant failed to file a Form 28T as required by (I.C.) Rule 404A and failed to pay temporary partial disability compensation pursuant to N.C. Gen. Stat. § 97-30. She also found that although plaintiff had filed a properly completed Form 28U on 9 January 1996, the defendant failed to reinstate temporary total disability compensation upon receipt of that form. Accordingly, she ordered the defendant to pay plaintiff within ten days of her order (1) temporary total disability compensation from the date of receipt of Form 28U through 31 January 1996, the date Dr. Dilworth released the plaintiff to light duty work, and (2) all temporary partial disability compensation which accrued during plaintiff's return to work at diminished wages from July (sic) to December 1995 (9 August 1995 through 21 December 1995).
26. The defendants complied with the Deputy's Order by paying plaintiff temporary partial disability compensation benefits for the period from 9 August 1995 through 20 December 1995 and temporary total disability compensation benefits for the three weeks between receipt of the I.C. Form 28U and 31 January 1996 when the plaintiff was released to light duty work.
27. There is insufficient evidence from which to determine whether the defendant has provided or offered assistance to the plaintiff in locating a job within his restrictions after 31 January 1996 or whether plaintiff has had wage-earning capacity since 31 January 1996. The hearing before the Deputy Commissioner was conducted on 19 February 1996. The defendant did not have an adequate opportunity to present evidence on plaintiff's wage-earning capacity after said hearing. The defendant has moved for a new hearing to present additional evidence. The Full Commission is of the opinion that defendant has presented good grounds for reopening the record for the receipt of additional evidence on plaintiff's wage-earning capacity and/or the extent of plaintiff's disability after 31 January 1996 only. The defendant has not shown good grounds for a new hearing or a hearing de novo.
* * * * * * * * * *
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. As a result of the compensable injury of 10 December, 1992, plaintiff is entitled to additional periods of compensation for temporary partial disability at the compensation rate of $262.74 per week from 9 August 1995 through 20 December 1995. Defendant is entitled to a credit for having paid said additional compensation pursuant to the Order of the deputy commissioner. N.C. Gen. Stat. § 97-30.
2. As a result of the compensable injury of 10 December, 1992, plaintiff is entitled to temporary total disability compensation at the rate of $426.00 per week from 21 December 1995 through 31 January 1996. Defendant is entitled to a credit for having paid said additional compensation pursuant to the Order of the deputy commissioner. N.C. Gen. Stat. § 97-29.
3. As a result of his injury, plaintiff is entitled to have defendants provide such medical treatment and evaluations as are reasonably necessary to effect a cure, give relief, or lessen his disability, including the surgery performed by Dr. John H. Dilworth on 31 January 1994 and 21 July 1994. N.C. Gen. Stat. § 97-25. Hyler v. GTE Prods. Co., 333 N.C. 258, 425 S.E.2d 698
(1993).
4. The defendant has stated good grounds for reopening the record for receipt of additional evidence.
5. The issue of what amount of compensation, if any, plaintiff is entitled to receive after 31 January 1996 should be reserved for subsequent determination.
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
The Full Commission RESERVES ruling on an Award in this case until the parties have had an opportunity to present additional evidence as ordered herein. Defendants shall, however, continue to provide such medical treatment to plaintiff as is reasonably required to provide relief and lessen plaintiff's disability.
ORDER
 IT IS HEREBY ORDERED that the record in this case is reopened for additional evidence to be presented by deposition testimony or stipulated documents on the sole issue of whether plaintiff was disabled or had wage-earning capacity after 31 January 1996. The parties shall have 60 days to submit said additional evidence and 15 days thereafter to submit written supplemental briefs or contentions to Commissioner Ballance. The Full Commission retains jurisdiction of this case.
IT IS FURTHER ORDERED that defendant's motion for a hearingde novo is DENIED.
This the _____ day of September, 1997.
 S/ ____________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ____________ J. HOWARD BUNN, Jr. CHAIRMAN
S/ ____________ LAURA K. MAVRETIC COMMISSIONER